IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SIMONES,

       Plaintiff,

v.                                                                 1:17-cv-00434-MCA-LF

TAVENNER'S TOWING & RECOVERY,
MICHAEL TAVENNER OWNER
JOHN DOE EMPLOYEE,

       Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on defendant Tavenner's Towing & Recovery and Michael Tavenner's Motion to Dismiss in Lieu of Answer filed April 17, 2017. Doc. 6. Pro se plaintiff James Simones did not respond to the motion within the prescribed time period.[1] Accordingly, defendants filed a notice of completion of briefing on May 8, 2017. Doc. 11. Plaintiff submitted a response to defendants' motion on May 24, 2017, entitled "Answer to Defendant's [sic] Motion to Dismiss in Lieu of Answer with Plaintiff's Motion to Dismiss Without Prejudice." Doc. 14. Pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), the Honorable M. Christina Armijo referred this case to me on May 22, 2017, "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 13. Having reviewed the submissions of the parties and

---

[1] "A response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). Three days are added when the service is made by mail. FED. R. CIV. P. 6(d). Defendants served their motion by mail (Doc. 6 at 6) and, therefore, plaintiff's response was due no later than May 4, 2017.

being fully apprised in the premises, I find that in his response, plaintiff voluntarily requests that the Court dismiss his case pursuant to Rule 41 and, therefore, recommend that this case be dismissed without prejudice.

## I. Background and Procedural Posture

Plaintiff initiated this case in Seventh Judicial District Court, County of Torrance, State of New Mexico. *See* Doc. 1 at 1; Doc. 1-1 at 1. Defendants removed the case to this Court because plaintiff's complaint alleges violations of his Fourth and Fifth Amendment rights. Doc. 1 at 1; Doc. 1-1 at 2. Defendants then filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), contending that plaintiff failed to state a claim for which relief may be granted. Doc. 6. As noted above, plaintiff did not respond in a timely fashion, which prompted defendants to file a notice of completion of briefing. Doc. 11. Plaintiff filed an untimely response on May 24, 2017. In his response, plaintiff explains that he had a medical issue which required surgery on April 10, 2017, and other injuries that "[made] it impossible for him to sufficiently advance his claim in Case 1:17-cv-00434-[MCA]-LF." Doc. 14. Accordingly, plaintiff requests that the Court dismiss this case without prejudice. *Id.*

## II. Timeliness of Plaintiff's Response

Generally, the failure of a party to file and serve a response to a motion within the time prescribed constitutes consent to grant that motion. D.N.M.LR-Civ. 7.1(b). The Court may extend the time to file a response at the request of a party if the party failed to act because of excusable neglect.[2] FED. R. CIV. P. 6(b)(1)(B). While courts will liberally construe a pro se

---

[2] According to Black's Law Dictionary, "excusable neglect" is:

> A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of

party's pleadings, pro se parties are not exempt from following the rules of procedure based on their pro se status. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (noting that the Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants") (internal quotation marks omitted).

Here, plaintiff explains that he was unable to respond to defendants' motion due to surgery and complications of recovery. Although plaintiff does not indicate that the surgery was an emergency, it appears that the recovery was more complicated than expected. *See* Doc. 14. Further, allowing the response will not prejudice the defendants because, in his response, plaintiff asks the Court to dismiss his complaint. Accordingly, I find excusable neglect for plaintiff's failure to respond to the motion to dismiss.

### III. Voluntary Dismissal

A party can voluntarily dismiss his or her case without a court by filing a notice of dismissal before the opposing party has served its answer or a motion, or by filing a stipulation of dismissal signed by all parties. FED. R. CIV. P. 41(a)(1)(A). After an opposing party has filed an answer or a motion, "an action maybe dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Here, because the defendants

---

some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.

BLACK'S LAW DICTIONARY 871 (abridged 8th ed. 2005). Factors used in determining whether a party's neglect is excusable include "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 402 (1993)). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer,* 507 U.S. at 392.

have served their motion to dismiss and the parties have not stipulated to dismissal, the Court will need to issue an order dismissing this case.

## IV. Recommendation

Based on the foregoing reasons, I recommend that:

1) The Court accept plaintiff's response to defendants' motion to dismiss as timely; and

2) Pursuant to plaintiff's voluntary dismissal under Rule 41, the Court dismiss this case without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge